**Theophilus MARANGA, Plaintiff,**

v.

**Umar Farouk ABDULMUTALLAB, Delta Airlines, Inc., and Air France–KLM, Defendants.**

**No. 11–CV–09397(CM).**

United States District Court, S.D. New York.

Nov. 7, 2012.

Khagendra Gharti Chhetry, Chhetry & Associates, P.C., New York, NY, Neil Grimaldi, Neil Grimaldi Esq., Bronx, NY, for Plaintiff.

Christopher G. Kelly, Sarah G. Passeri, Holland & Knight, New York, NY, for Air France–KLM.

Jeffrey J. Ellis, Quirk and Bakalor, P.C., New York, NY, for Delta Airlines, Inc.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND GRANTING PLAINTIFF'S MOTION TO AMEND

McMAHON, District Judge.

### INTRODUCTION

On December 21, 2011, Theophilus Maranga ("Plaintiff") commenced this action against Umar Farouk Abdulmutallab ("Abdulmutallab"), Delta Airlines, Inc. ("Delta"), and Air France–KLM ("AF–KLM") (collectively, "Defendants") for injuries sustained when Plaintiff helped subdue a terrorist threat aboard a Northwest Airlines flight.

Defendant AF–KLM now moves, pursuant to Federal Rules 12(b)(5) and (6), to dismiss Plaintiff's complaint in its entirety, as against AF–KLM, for improper service of process and for failure to state a claim. In response, Plaintiff moves for leave to amend the complaint in order to add AF–KLM subsidiaries Société Air France and KLM Royal Dutch Airlines as defendants.

For the reasons discussed below, AF–KLM's motion to dismiss is GRANTED in its entirety, and Plaintiff's complaint is DISMISSED WITH PREJUDICE as against AF–KLM. Plaintiff's motion for leave to amend to add claims against Société Air France and KLM Royal Dutch Airlines is GRANTED.

### BACKGROUND

On December 25, 2009, Plaintiff Theophilus Maranga was a passenger aboard Northwest Airlines Flight Number 253 from Amsterdam to Detroit. (Compl. ¶ 3; Def.'s Mot. to Dismiss, 1.) During the flight, Abdulmutallab attempted to detonate an explosive device hidden in his underwear. (Compl. ¶ 3.) Upon doing so, Abdulmutallab caught fire. (*Id.*). In an effort to save the aircraft from catching fire and from potentially exploding, Plaintiff jumped on Abdulmutallab to extinguish the fire and subdue the threat. (*Id.*) As a result, Plaintiff claims to have suffered numerous physical and psychological injuries. (*Id.* ¶ 4.) Specifically, Plaintiff alleges damage to his ribs, hands, neck, and tooth. (*Id.*)

On December 21, 2011 Plaintiff brought this suit against Abdulmutallab, Delta, and AF–KLM for $10 million, alleging that Delta and AF–KLM were negligent "in allowing a bomber to board their aircraft with an explosive device" and causing Plaintiff's injury. (*Id.*)

AF–KLM is a French holding company for airlines Société Air France and KLM Royal Dutch Airlines, with headquarters in Paris. (Decl. of Philippe Calavia, ¶ 3, 4.) Northwest Airlines was a wholly owned subsidiary of Delta until the two companies merged in 2010.

On February 10, 2012, Plaintiff's then-counsel, Neil Grimaldi, hand-delivered a copy of the Summons and Complaint to the legal department of the New York office of Société Air France. (Decl. of Gregory J. Kozlowski ¶ 2.) Société Air France is not a defendant in this action, and AF–KLM contends it was not properly served, nor has it since been served, although it has notified Plaintiff's former and current counsel about the defect in service. (Def.'s Mot. to Dismiss, 2.)

AF–KLM now moves, pursuant to Federal Rules 12(b)(5) and 12(b)(6), to dismiss Plaintiff's complaint as against it for insufficient service of process and failure to state a claim upon which relief can be granted. Plaintiff moves for leave to amend the complaint to add Société Air France and KLM Royal Dutch Airlines as defendants.

## DISCUSSION

### 1. Defendant's Motion to Dismiss for Improper Service is Granted

■ AF–KLM claims Plaintiff did not effectuate service of process in accordance with Federal Rule 4. Rather, Plaintiff's counsel served process on an employee in the legal department of the New York office of Société Air France, a different entity. AF–KLM also contends that despite notifying Plaintiff's former and current counsel of this deficiency, AF–KLM has yet to be properly served.

As AF–KLM has not been served, this motion to dismiss is granted. Pursuant to Federal Rule 4(m), I may dismiss without prejudice or extend the time in which Plaintiff has to serve AF–KLM properly. However, if Plaintiff cannot state a claim against AF–KLM, a dismissal without prejudice or an extension is deemed futile. I discuss this issue below.

### 2. Plaintiff's State–Law Claim is Preempted

■ Plaintiff claims that Delta and AF–KLM were negligent in allowing Abdulmutallab to board Northwest Flight 253 with an explosive device, causing Plaintiff's injuries. To the extent that Plaintiff alleges a state-law negligence claim, same is preempted by the Montreal Convention, which allows for individuals injured in international air travel to recover damages against the air carrier and preempts all federal and state claims that fall under the scope of the Convention. *See Weiss v. El Al Israel Airlines, Ltd.,* 433 F.Supp.2d 361, 365 (S.D.N.Y.2006) (citing *Paradis v. Ghana Airways Ltd.,* 348 F.Supp.2d 106, 111 (S.D.N.Y.2004)). Plaintiff asserts that he seeks damages under both the Montreal and Warsaw Conventions. However, as the Montreal Convention replaced the Warsaw Convention, he can only bring a claim under the Montreal Convention. *Id.* at 364–65 (citing *Ehrlich v. Am. Airlines, Inc.,* 360 F.3d 366, 371 n. 4 (2d Cir.2004) ("The Montreal Convention is not an amendment to the Warsaw Convention.... Rather, the Montreal Convention is an entirely new treaty that unifies and replaces the system of liability that derives from the Warsaw Convention.")).

Moreover, any person seeking redress from bodily injuries arising out of international air travel *must* bring a claim under the Montreal Convention. *See Weiss,* 433 F.Supp.2d at 365; *Pflug v. Egyptair Corp.,* 961 F.2d 26, 28 (2d Cir.1992). Because Plaintiff claims bodily injury stemming from an international flight, his claim *must*

be brought, if at all, under the Montreal Convention, and all other state-law claims are preempted.

### 3. *Plaintiff Cannot State a Claim Against AF–KLM Under the Montreal Convention*

█ The Montreal Convention provides strict liability for airline carriers, and *only* carriers, for bodily injury arising out of international air travel. While the Convention does not define "carrier" specifically, courts have interpreted it to mean "only those airlines that actually transport passengers or baggage" or "actual carriers." *Pflug*, 961 F.2d at 31. In *Pflug*, a passenger injured during the hijacking of an Egyptair flight brought suit against Egyptair Corp., a subsidiary of Egyptair. *Id.* at 28. Egyptair Corp. moved to dismiss on the grounds that it was not an airline carrier and did not operate the hijacked plane. *Id.* The Second Circuit held that only "a carrier that transports passengers injured on an international flight is liable for injuries in the event that an accident occurs on board the aircraft" under the Warsaw Convention, and the court dismissed the case. *Id.* at 32.

Even though the Montreal Convention replaced the Warsaw Convention, the two conventions contain identical carrier liability passages, and courts have interpreted the term "carrier" to be the same under the both. *See e.g. Best v. BWIA West Indies Airways, Ltd.*, 581 F.Supp.2d 359, 362 n. 2 (E.D.N.Y.2008) ("Because many of the provisions of the Montreal Convention are taken directly from the Warsaw Convention . . . the case law regarding a particular provision of the Warsaw treaty applies with equal force regarding its counterpart in the Montreal treaty.").

█ AF–KLM is not an airline "carrier" in any sense of the word, but rather a holding company. It has no involvement in the operation or ticketing of Delta, which is a carrier. Therefore, Plaintiff has no claim against AF–KLM under the Montreal Convention, which is the only method of recovery. Thus, it would be futile to extent the time to effect proper service upon AF–KLM. Plaintiff's complaint against AF–KLM is dismissed with prejudice.

### 4. *Plaintiff's Motion for Leave to Amend is Granted*

In response to AF–KLM's motion to dismiss, Plaintiff seeks leave to amend his complaint to add Société Air France and KLM Royal Dutch Airlines as defendants to this litigation. Plaintiff failed to attach a proposed amended complaint to his motion, as required by the rules.

Plaintiff does not have leave to amend the claim against AF–KLM, as any such amendment would be futile. I also note that, in light of the rigid requirements of the Montreal Convention, Plaintiff may not be able to state viable claims under the Convention against Société Air France and KLM Royal Dutch Airlines. It appears from the facts that the carrier in this case was Northwest (which is now Delta), not Air France or Royal Dutch Airlines. However, since certain international flights are often operated by more than one carrier, I cannot rule that amendment would be futile without viewing Plaintiff's amended complaint. *See, e.g. Shirobokova v. CSA Czech Airlines, Inc.*, 376 F.Supp.2d 439 (S.D.N.Y.2005). However, Plaintiff must keep my rulings in mind if and when he chooses to amend his complaint.

Thus, I grant Plaintiff's motion for leave to amend, and Plaintiff must properly serve the proposed complaint within ten (10) days. However, Plaintiff's amended complaint will need to allege adequate facts plausibly supporting a claim against

any new defendants under the Montreal Convention.

### CONCLUSION

For the reasons stated herein, Defendant AF–KLM's motion to dismiss Plaintiff's complaint is GRANTED, and Plaintiffs' complaint, as against AF–KLM, is DISMISSED WITH PREJUDICE. However, Plaintiff's motion for leave to amend is also GRANTED, to the extent that Plaintiff would like to add Société Air France and KLM Royal Dutch Airlines as defendants. As Plaintiff submitted this motion without attaching an amended complaint, Plaintiff must do so within ten (10) days of the date of this order, otherwise I will permit no further attempts to amend this complaint. The Clerk is directed to remove the motion at ECF No. 16 from the Court's list of open motions, and to terminate this case, as against AF–KLM.